**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Criminall Action |
| ) | No. 04-00303-01-CR-W-FJG |
| JESSE D. COUNCE, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Currently pending before the Court is a letter from defendant Counce requesting a twelve month reduction in his sentence for completion of his G.E.D. degree. (Doc. # 63).

**I. BACKGROUND**

On September 14, 2004, a federal grand jury returned a one-count indictment charging Counce with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Counce was arrested on January 10, 2005. A trial began on May 5, 2005 and the jury found Counce guilty. On September 8, 2005, Counce was sentenced to the statutory maximum of 120 months' imprisonment. On September 16, 2005, he filed an appeal. The Eighth Circuit affirmed the district court's judgment on May 3, 2006. United States v. Counce, 445 F.3d 1016 (8th Cir. 2006). On September 26, 2006, Counce filed a § 2255 petition which raised four issues relating to ineffective assistance of counsel. This Court denied Counce's petition on January 26, 2007. On September 12, 2008, Counce filed the instant letter requested a twelve month reduction in his sentence for completing his G.E.D. degree.

## II. DISCUSSION

In his letter, Counce does not cite any legal authority upon which the Court could grant a reduction in his sentence. The Government states in response that 18 U.S.C. § 3582(c) allows modifications in sentences, but only under certain circumstances. This provision states in part:

> The court may not modify a term of imprisonment once it has been imposed except that -
> (1) in any case -
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in 3553(a) to the extent that they are applicable, if it finds that -
> (I) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . .
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . .

The Government argues that none of these conditions exist. The letter from Counce is not a letter from the Director of the Bureau of Prisons and the completion of a G.E.D. degree does not qualify as an "extraordinary or compelling" reason for a reduction of his sentence. Defendant is not seventy years of age and has not served thirty years in prison. Fed.R.Crim.P. 35 allows correction of a sentence within seven days after sentencing for arithmetical, technical or other clear error or if the government moves for a reduction of sentence because the defendant provided substantial assistance. Counce does not argue that there were any errors in his sentence or that he provided substantial assistance to the Government. Finally, a sentence may be reduced if the sentencing range has been lowered. However, this circumstance is also

2

not applicable to defendant Counce.

### III. CONCLUSION

Therefore, because there is no basis on which defendant Counce's sentence may be reduced, the Court hereby **DENIES** defendant's Motion for a Sentence Reduction (Doc. # 63).


Date: 11/21/08　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　Chief United States District Judge

3